ANA LYDIA ILDEFONSO DE LATORRE, demandante y apelante, *v.* MANUEL FERNÁNDEZ CORUJO, ALCALDE DE CAROLINA, demandado y apelado.

*Número:* O-75-379        *Resuelto:* 13 de enero de 1976

*Iván L. Pagán Hernández,* abogado de la apelante; *Raúl González Millán,* abogado del apelado.

EN MOCIÓN DE RECONSIDERACIÓN

San Juan, Puerto Rico a 13 de enero de 1976

PER CURIAM: El 13 de noviembre de 1975 emitimos resolución en que dispusimos del recurso de epígrafe en la siguiente forma:

"No planteado el recurso de epígrafe una cuestión constitucional sustancial, no ha lugar al mismo.

Considerado como un recurso de revisión, no ha lugar."

■ La parte recurrente ha solicitado que reconsideremos dicho dictamen. Aunque no estamos obligados a dar explicaciones al denegar la expedición de un auto claramente inmeritorio—*Pérez Aldorondo* v. *Tribunal Superior,* 102 D.P.R. 1 (1974); *Partido Estadista Rep.* v. *Junta Constitucional,* 90 D.P.R. 228 (1964)—nos apartamos de esta norma en este caso para explicar el alcance del Art. 15 de la Ley Municipal, 21 L.P.R.A. sec. 1157, en su inciso (b). Dicho artículo dispone como sigue, en lo aquí relevante:

"(a) .　　.　　.　　.　　.　　.　　.　　.

(b) En cualquier momento en que la asamblea municipal lo crea necesario, ésta podrá nombrar un funcionario que se denominará secretario de la asamblea municipal, quien será responsable únicamente a dicha asamblea. Dicho funcionario podrá desempeñar el cargo de asambleísta.

(c) .　　.　　.　　.　　.　　.　　.　　.

El secretario de la asamblea municipal podrá tomar juramentos y desempeñará, además, todos aquellos otros deberes que le fueren asignados por la asamblea municipal o su presidente."

En virtud del citado artículo la recurrente fue nombrada secretaria de la asamblea municipal de Carolina el 25 de junio de 1969. La designación fue notificada a la recurrente y ésta juró el cargo en un formulario impreso de la Oficina de Personal del Estado Libre Asociado en que se consignó expresamente, en su encasillado número 10, que el nombramiento se hacía en el servicio "exento" efectivo desde el 1 de julio de 1969. (Exhibit 4 del demandado recurrido.) (¹)

El 8 de febrero de 1973, al ocurrir un cambio en la administración municipal de Carolina con motivo de las elecciones generales celebradas en noviembre de 1972, el Alcalde Señor Manuel Fernández Corujo cursó una carta a la recurrente en que le notificó el cese de sus funciones a partir del 7 de enero de 1973—la nueva administración tomó posesión el día siguiente—citando al efecto un memorando del Departamento de Hacienda que indicaba que "todos los funcionarios administrativos que ocupan cargos creados por ley y por la asamblea municipal, cesarán en enero 7, 1973." (²)

---

(¹) Es interesante notar que, no obstante que el Art. 15(b) de la Ley Municipal confiere a la Asamblea Municipal la facultad de "nombrar un funcionario que se denominará secretario de la asamblea municipal", el formulario de referencia está firmado por Heriberto Nieves Caro en su carácter de Alcalde de Carolina como "autoridad nominadora."

(²) La carta del Alcalde señor Fernández Corujo (Exhibit 1 de la recurrente) está concebida en los siguientes términos:

"Sirve la presente para informarle que ha sido denegada la petición de pago de su salario por concepto de vacaciones por enfermedad durante el período de enero 8 a febrero 8, 1973.

"Esto obedece a Memorando Núm. 10-73 del Departamento de Hacienda donde indica que todos los funcionarios administrativos que ocupan cargos creados por ley y por la Asamblea Municipal, cesarán en enero 7, 1973. Esto es así porque el nuevo incumbente al tomar posesión [sic] de su cargo en enero 8, comenzará a percibir sus haberes de la partida de sueldo que corresponda y estas asignaciones se votan con su crédito que cubre exactamente el pago de 12 meses de sueldo.

"A tales efectos se le envío [sic] un pago que corresponde a su salario devengado a la fecha del 1ro. al 7 de enero de 1973.

"Entendemos que usted es una de las personas que específicamente indica la ley en este Memorando la cual cesa de sus funciones en enero

No conforme, la recurrente presentó demanda de *mandamus* contra el Alcalde Fernández Corujo en el Tribunal Superior, Sala de San Juan. Alegó, en síntesis, que fue despedida del cargo por el Alcalde sin que existiera justa causa y sin cumplir con lo dispuesto en el Art. 93 (³) de la Ley Municipal, 21 L.P.R.A. sec. 1553; que el Alcalde se tomó una atribución reservada a la asamblea municipal; y que vulneró otras disposiciones respecto de vacaciones acumuladas y licencia por enfermedad. Solicitó su reposición en el cargo y el pago de haberes dejados de percibir y de sumas que alegó se le adeudaban por vacaciones acumuladas y licencia por enfermedad. El Alcalde se opuso, tras numerosos incidentes fue el pleito a juicio, y el 14 de mayo de 1975 se dictó sentencia que declaró la demanda sin lugar. La demandante apeló ante nos y el 13 de noviembre de 1975 dictamos la resolución que reproducimos al comienzo de esta opinión.

La Ley Municipal menciona tres categorías de servidores públicos municipales, a saber, "funcionarios administrativos," "empleados," y el caso específico del secretario de la asamblea municipal, que aparece en el citado Art. 15 (b) con la designación de "funcionario." Veamos cómo se diferencian unos de otros.

Los funcionarios administrativos son, en los municipios cuyos presupuestos pasan de $500,000, el alcalde, el secretario

---

7, 1973, es por esa razón que usted recibió el pago de su salario hasta el día 7 de enero de 1973.

"Solo resta liquidar sus vacaciones regulares acumuladas y para llevar afecto [*sic*] esta liquidación necesitamos que usted nos firme la Forma OP-13, para poder hacer el desembolso.

"Quiero a nombre de la Administración Municipal de Carolina darle las gracias por sus servicios prestados y desearle la mayor de las suertes en sus gestiones futuras.

"Incluímos copia del Memorando Núm. 10-73 para su mayor información."

(³) El Art. 93, que no transcribimos debido a que es muy extenso, crea en cada municipio una comisión de tres miembros para ventilar querellas contra los funcionarios y empleados municipales y prescribe el procedimiento a seguirse para casos de destitución.

y el Director de Finanzas, y en los demás municipios el alcalde, el secretario auditor, y el Tesorero. Art. 42, 21 L.P.R.A. sec. 1261, enmendado por la Ley Núm. 101 de 26 de junio de 1964. El Art. 43, 21 L.P.R.A. sec. 1262, autoriza a la asamblea municipal a "crear los cargos adicionales de funcionarios administrativos que fueren necesarios," y dispone que la asamblea "determinará, mediante ordenanza, las funciones de los cargos creados por ella y los requisitos que deberán reunir los funcionarios administrativos que hayan de ocupar dichos cargos." Conforme al Art. 44, 21 L.P.R.A. sec. 1263, los funcionarios administrativos serán nombrados por el alcalde con el consejo y consentimiento de la asamblea municipal, y "desempeñarán sus cargos por el término para el cual el alcalde hubiese sido electo o nombrado, o hasta que sus sustitutos hubieren tomado posesión, a menos que fueren destituidos por justa causa, previa formulación de cargos."

El nombramiento y condiciones de los "empleados" están reglados por el Art. 91, 21 L.P.R.A. sec. 1551, enmendado por la Ley Núm. 114 de 27 de junio de 1964, que dispone: "Todos los nombramientos de empleados serán hechos por el alcalde, a propuesta de los funcionarios administrativos municipales respectivos. Los nombramientos que se extiendan a partir de la vigencia de este Subtítulo se harán por un término probatorio de seis (6) meses, durante el cual el alcalde evaluará los servicios prestados por el nuevo empleado. Si determinare durante ese período probatorio que los servicios del nuevo empleado no son satisfactorios, entonces podrá dejar sin efecto el nombramiento en cualquier momento, no siendo de aplicación en estos casos las disposiciones de la sec. 1553 de este título."

La Ley Municipal no dispone el término por el cual los empleados serán nombrados, a diferencia del caso de los funcionarios administrativos. La enmienda del 1964, que adicionó al Art. 91 lo relativo al período probatorio, obviamente persigue el propósito de dar a los empleados certeza y estabilidad

en sus cargos, de suerte que no estén sujetos a los vaivenes de la política partidista o a merced del capricho de sus superiores. Este propósito legislativo había sido acertadamente así expresado desde 1961 por el Secretario de Justicia. Véase vol. XXXII, *Opiniones del Secretario de Justicia*, 1961–2.

■ El caso del secretario de la asamblea municipal no es el caso ni del funcionario administrativo ni del empleado municipal. Mientras los funcionarios administrativos y los empleados son nombrados por el alcalde, el secretario de la asamblea municipal es nombrado por la asamblea municipal conforme al citado Art. 15(b). Parece claro que el legislador no quiso que fuera considerado como un empleado en vista de que tuvo el cuidado de designarlo "funcionario" al autorizar su nombramiento por la asamblea municipal. Y al darle la categoría de funcionario, es inescapable la conclusión de que quiso colocarlo en un rango similar al funcionario administrativo, como un puesto de confianza de la asamblea y no del alcalde. Se justifica que así sea si se tiene en mente el principio de separación de poderes entre el ejecutivo y el organismo legislativo del municipio. Siendo un puesto de confianza, es forzosa la conclusión de que el secretario de la asamblea cesa en sus funciones, salvo circunstancias que aquí no nos conciernen, al concluir el término por el cual es elegida la asamblea municipal que lo nombra. Esta parece haber sido la interpretación administrativa, al clasificarse en el servicio "exento" el cargo de la recurrente y así hacerse constar en el formulario en que prestó juramento del mismo.

■ La recurrente no fue despedida de su cargo por el alcalde, que no tenía poderes para despedirla. Ella cesó en el cargo al cesar en sus funciones la asamblea municipal que la nombró, y tomar posesión la nueva asamblea municipal el 8 de enero de 1973. El tribunal a quo concluyó, con base en la prueba, que la asamblea municipal, al tomar posesión el 8 de enero, nombró a otra persona para el cargo de secretaria de la asamblea. No habiendo desempeñado la recurrente la fun-

ción de secretaria a partir del 8 de enero, ningunas vacaciones ni licencia por enfermedad acumuló a partir de dicha fecha. Por no tratarse de un despido o destitución no es de aplicación el procedimiento que para estos casos establece el Art. 93 de la Ley Municipal, antes citado, que crea una comisión para ventilar querellas contra funcionarios y empleados y señala el procedimiento para su destitución.

Antes de concluir, nos vemos obligados a dejar constancia de nuestro desagrado ante la tónica desconsiderada y poco profesional del abogado de la recurrente, Lcdo. Iván L. Pagán Hernández, al referirse a la sentencia y actuaciones del tribunal recurrido y al dirigirse a este Tribunal. Cuando un abogado, en vez de usar el argumento persuasivo recurre al lenguaje soez y a la frase mordaz resta dignidad a su propio ministerio y hace que surjan serias dudas sobre su competencia profesional. Hay poca competencia profesional en el abogado que no sabe o no puede mantener el debate jurídico en el plano de altura y del buen decir que debe ser norma inalterable en el reclamo de la justicia. La grosería jamás debe hacer eco en el recinto de un tribunal.

*Se declarará sin lugar la moción de reconsideración.*

El Juez Asociado Señor Martín concurre en el resultado sin opinión.