JUAN FELICIANO RODRÍGUEZ, demandante y recurrido, *v.* MUNICIPIO DE FAJARDO e HIPÓLITO ROBLES SUÁREZ, ALCALDE, demandados y peticionarios.

*Número:* O-84-524    *Resuelto:* 23 de octubre de 1984

*Eliezer Aldarondo Ortiz* e *Isabel López Bras,* abogados de los peticionarios; *Hiram Martínez López,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

En *Ramos* v. *Srio. de Comercio,* 112 D.P.R. 514, 519–520 (1982), extendimos a ciertos empleados públicos de confianza la protección constitucional contra el discrimen por razón de ideas políticas. Sin embargo, en principio, reconocimos la existencia de ciertos cargos en que la afiliación política en particular del empleado podría ser requisito apropiado y aceptable para el fiel desempeño de los mismos. En tal situación impusimos el peso de la prueba al Estado o entidad nominadora. Dijimos además:

[E]sta decisión no pasa juicio sobre la validez per se de una clasificación de confianza, ni cuestiona la facultad de la autoridad nominadora, en tales instancias, para prescindir de los servicios de un incumbente sin previa notificación, formulación de cargos y celebración de vista. . . . Tampoco prejuzga la posibilidad de que en otros casos de despido, atribuibles únicamente a razones políticas, pueda legítimamente detectarse y demostrarse —a satisfacción del Poder Judicial— que el requisito de "afiliación política" está expresamente establecido o implícitamente sumergido e incluido en la clasificación anterior, adoptada mediante acción legislativa, ejecutiva o administrativa al crear un puesto bajo la categoría de confianza.

*Nuestra decisión simplemente significa que el diseño constitucional prevaleciente reconoce y permite que en determinadas circunstancias, pueda válidamente exigirse una particular afiliación político-partidista como requisito para obtener o mantener un empleo público.* (Énfasis suplido y escolio omitido.)

El presente caso gira en torno a la doctrina expuesta y reiterada en *Colón* v. *C.R.U.V.*, 115 D.P.R. 503 (1984).

## I

Juan Feliciano Rodríguez fue nombrado el 12 de enero de 1981 al puesto de Secretario Municipal del Municipio de Fajardo por Hipólito Robles Suárez, alcalde electo por el Partido Nuevo Progresista (P.N.P.). Fue confirmado por la Asamblea Municipal. Durante el cuatrienio anterior había ocupado esa misma posición. El 30 de junio de 1981 fue despedido por el alcalde Robles Suárez sin formulación de cargos ni celebración de vista.

Ante el Tribunal Superior, Sala de Humacao, impugnó su destitución por dos fundamentos: (1) que fue ilegal por ser acreedor a la formulación de cargos y una vista; y (2) que se debió a discrimen político. Mediante una elaborada resolución dicho foro concluyó que bajo la nueva Ley Municipal, el puesto de Secretario Municipal quedó clasificado en la categoría de confianza, susceptible su incumbente de ser removido por el alcalde sin necesidad de vista ni formu-

lación de cargos. 21 L.P.R.A. secs. 3002(15); 2055; 3351; 3352; y 3358. Por ende, rechazó el primer argumento de ilegalidad esgrimido por Feliciano Rodríguez. No obstante, invocando *Franco* v. *Municipio de Cidra*, 113 D.P.R. 260 (1982), señaló una vista para dilucidar la alegación de discrimen político.

Subsiguientemente, el Municipio solicitó sentencia sumaria a su favor fundado en ciertos hechos que surgían de una deposición tomada a Feliciano Rodríguez. Adujo que asumiendo, sin admitirlo, que el despido fuera por sus creencias políticas, era legal ya que esas creencias eran un requisito apropiado y necesario para el adecuado desempeño del cargo de confianza de Secretario Municipal. El tribunal de instancia la denegó de plano citando *Colón* v. *C.R.U.V.*, supra. Reiteró su señalamiento sobre vista evidenciaria. Contra esa resolución recurre el Municipio de Fajardo y su alcalde, señor Robles Suárez.

## II

Evaluado el caso a la luz de nuestros pronunciamientos en *Ramos* v. *Srio. de Comercio* y *Colón* v. *C.R.U.V.*, supra, procede que desestimemos la acción. A tal efecto, la Ley Municipal y otros estatutos disponen las siguientes funciones, deberes y jerarquía en cuanto al Secretario Municipal: está a cargo del archivo general; certifica y compila las ordenanzas y resoluciones aprobadas por la Asamblea; vende al público las ordenanzas de carácter penal; es el Secretario de la Junta de Subastas y de la Junta Municipal de Agricultura y Trabajo; se desempeña como Secretario de la Asamblea en ausencia de éste; actúa como Secretario de Actas de la misma y en unión al Presidente, habilita y certifica los libros de actas; sirve de enlace para recibir del alcalde y remitir a la Asamblea el proyecto del presupuesto; y tiene a su cargo el "Registro de Ventas Condicionales" municipal. Además, notifica al Gobernador cuando un asambleísta renuncia y la Asamblea Municipal no toma

acción sobre la misma; comunica al organismo local de un partido político la existencia de una vacante en la Asamblea Municipal; notifica al Gobernador la existencia de una vacante en la Asamblea Municipal o en el cargo de Alcalde cuando el organismo directivo local del partido político interesado en la vacante o la Asamblea Municipal no actúan sobre la misma; funge como alcalde interino en caso de que no exista ordenanza de sucesión; y se desempeña como sucesor interino del alcalde en la eventualidad de incapacidad temporera sin que se haya designado por escrito un sustituto. 21 L.P.R.A. secs. 1157(2), (3) y (4); 1257, 1258, 1264 y 10 L.P.R.A. sec. 34. De este listado de encomiendas legislativas surge que el Secretario Municipal posee, con referencia al municipio y en lo que sea localmente aplicable, todas las facultades, funciones y deberes que el Secretario de Estado tiene en relación con el Gobierno del Estado Libre Asociado de Puerto Rico. De las mismas, unido al carácter intrínseco político que acompaña el cargo de alcalde y a las funciones que arroja de la deposición tomada a Feliciano Rodríguez, se desprende indubitadamente que el atributo de afiliación política no sólo es factor indispensable y dinámico presente en el ejercicio del cargo, sino que fue el principal que originó su designación. Veamos.

En su deposición Feliciano Rodríguez admitió que además de las funciones establecidas por ley, (1) respondía directamente al alcalde y se consideraba su estrecho colaborador y mano derecha; (2) en unión al alcalde participó en el recuento de votos que con posterioridad a las pasadas elecciones se efectuó por la entonces Comisión Estatal de Elecciones en el denominado Edificio Valencia, siguiendo nuestro mandato en *P.P.D.* v. *Barreto Pérez*, 110 D.P.R. 376, 385 (1980); (3) era el segundo hombre en la alcaldía y ejercía las funciones de vicealcalde según la tradición y costumbre; (4) lo sustituía cuando se enfermaba o estaba de vacaciones, lo que en la escena municipal, por vía de analogía, equivalía a una especie de Secretario de Estado; (5) en su ausencia daba

recomendaciones de empleo y ordenaba la prestación de ciertos servicios al público que lo solicitaba; y atendía personalmente las llamadas de los distintos Jefes de Agencias y de la Oficina del Gobernador. *Además aceptó que estas funciones no las podría realizar una persona que no perteneciera al P.N.P.*

Según antes reseñado, está fuera de discusión que Feliciano Rodríguez era un funcionario de confianza al amparo de la nueva Ley Municipal. Tampoco está en controversia el inventario de funciones de índole político-partidista ejercidas en virtud de dicha ley y por encargo.

■ En *Colón* v. *Alcalde Mun. de Ceiba*, 112 D.P.R. 740, 744–745 (1982), resolvimos que "[n]o es la etiqueta ni la descripción escrita de los deberes lo determinante, sino la naturaleza real de las funciones —en atención al conjunto de esos deberes y responsabilidades, o la relación con el jefe de la agencia" o para ver si un empleado reúne los requisitos de confianza. Igual pauta judicial debe prevalecer para determinar si la creencia política es condición indispensable para el desempeño de un puesto. Bajo este enfoque, las funciones realizadas por Feliciano Rodríguez apoyan la conclusión de que la afiliación política era requisito imprescindible para el cargo de Secretario Municipal.

*Se dictará sentencia que desestime la demanda.*