MARIBEL REYES TORRES, demandante y recurrida, *v.* MUNICI-
PIO DE JAYUYA, ETC., demandados y peticionarios.

Número: O-85-132 Resuelto: 29 de abril de 1986

*Francisco A. Delgado Martínez,* abogado del peticionario; *William Torres Román,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

En *Feliciano* v. *Mun. de Fajardo*, 115 D.P.R. 675 (1984), resolvimos que la afiliación política era requisito imprescindible para el cargo de Secretario Municipal y que bajo la nueva Ley Orgánica de los Municipios de Puerto Rico, Ley Núm. 146 de 18 de junio de 1980 (21 L.P.R.A. sec. 2001 y ss.), el incumbente puede ser separado de dicho cargo sin necesidad de vista ni formulación de cargos. Idéntico resultado se impone en este caso en que está envuelta la Secretaria de la Asamblea Municipal de Jayuya.

La Sra. Maribel Reyes Torres ocupó el cargo de Secretaria de la Asamblea Municipal de Jayuya desde abril de 1980. Para esa época y durante el próximo cuatrienio el Partido Nuevo Progresista tenía mayoría en la Asamblea. En las elecciones de 1984 el Partido Popular Democrático logró elegir la mayoría de los miembros de la Asamblea. El 14 de enero de 1985, Herminio Quiles Ramos fue electo Presidente de la Asamblea Municipal y se nombró Secretaria de la Asamblea a la Sra. Margarita Vargas. La Sra. Maribel Reyes Torres fue notificada de ello mediante carta del 15 de enero de 1985. El 28 de enero de 1985 presentó una demanda en el Tribunal Superior, Sala de Utuado, que impugnaba la validez de las actuaciones del Presidente y solicitaba su reposición en el cargo. Celebrada una vista, el tribunal emitió auto de *injunction* preliminar que ordenaba la reposición inmediata de la demandante en el cargo de Secretaria de la Asamblea Municipal con pago retroactivo a la fecha del despido. Expedimos auto para revisar.

El Secretario de la Asamblea Municipal es un funcionario municipal por mandato de ley. El Art. 2.05 de la Ley, 21 L.P.R.A. sec. 2055, dispone que:

> Los funcionarios del municipio serán aquellos electos conforme a las disposiciones de este Subtítulo y los incumbentes de los siguientes cargos administrativos:
>
> (a) Secretario de la Asamblea Municipal

(b) Directores de unidades administrativas de la rama ejecutiva.

 Ello demuestra que el secretario está en la misma categoría de los funcionarios electos y los miembros del gabinete del alcalde. Es decir, que ocupa un puesto eminentemente político. Por otro lado, las facultades legislativas en los municipios se ejercen por la Asamblea Municipal. 21 L.P.R.A. sec. 3051. El legislador fue sumamente específico y cuidadoso al crear el cargo. A esos efectos, los incisos (g) y (h) del Art. 4.04 (21 L.P.R.A. sec. 3054(g) y (h)) proveen lo siguiente: ([1])

(g) *Creación de Cargos y Requisitos.*

(1) Secretario de la Asamblea Municipal. La Asamblea Municipal creará un cargo administrativo que será el único dentro de la categoría de confianza con que contará la misma y se denominará Secretario de la Asamblea Municipal. El mismo estará bajo la supervisión del Presidente. El Secretario de la Asamblea será responsable únicamente a ésta y no podrá ser asambleísta. El nombramiento del incumbente al cargo de Secretario lo hará el Presidente, sujeto al consejo y consentimiento de la Asamblea. El Secretario de la Asamblea Municipal estará sujeto a las normas de personal que rigen para los demás funcionarios municipales en cuanto a jornada de trabajo. La Asamblea Municipal establecerá mediante resolución el horario, registro de asistencia, concesión de licencia y otras aplicables. En este caso, así como en relación con otros empleados de la Asamblea, la aprobación de la licencia de vacaciones u otro tipo de licencia será autorizada por el Presidente de dicho cuerpo.

(2) Requisitos. La persona a ser seleccionada para desempeñar el cargo de Secretario de la Asamblea tiene que haber aprobado por lo menos el cuarto año de escuela superior.

---

([1])La ley recoge otras funciones del secretario, 21 L.P.R.A. secs. 3058(b) y (c), 3061, 3063, 3066.

(h) *Deberes del Secretario de la Asamblea Municipal.* El Secretario de la Asamblea Municipal tendrá entre otros los siguientes deberes:

(1) Actuar de Secretario de Actas de la Asamblea.

(2) Velar por que los asambleístas sean debidamente citados.

(3) Certificar la radicación de los proyectos de ordenanza y resoluciones sometidas a la Asamblea.

(4) Mantener informada a la Asamblea y a su Presidente sobre todas las encomiendas que le sean asignadas y sobre aquellas que por este Subtítulo se le imponen.

(5) Notificar al organismo directivo local del partido político que corresponda sobre la existencia de una vacante en la Asamblea o en el cargo de Alcalde.

(6) Notificar al Gobernador de Puerto Rico la existencia de una vacante en la Asamblea o en el cargo de Alcalde cuando no actúe sobre la misma el organismo directivo local del partido político interesado en la vacante.

(7) Reproducir y poner a la venta, debidamente certificadas, las ordenanzas municipales que tengan sanción penal, al precio de costo de reproducción de las mismas.

(8) Conservar los originales de aquellas ordenanzas y resoluciones firmadas por el Presidente de la Asamblea y el Alcalde. Al final del año económico, formar un volumen debidamente encuadernado, con su correspondiente índice, conteniendo los originales de las resoluciones y ordenanzas en vigor. La Asamblea autorizará la reproducción y venta del mismo a un precio que no excederá del costo de reproducción. Todo ciudadano tendrá derecho a inspeccionar y obtener copias de las resoluciones y ordenanzas previo el pago de los derechos correspondientes.

(9) Habilitar y certificar, junto con el Presidente de la Asamblea Municipal, los Libros de Actas.

(10) Preparar, al finalizar cada año fiscal, en forma de libro, un volumen conteniendo las actas de todas las sesiones de la Asamblea. Este deberá contener los originales de las actas, cada hoja iniciada [*sic*] de puño y letra, certificadas y firmadas por el Presidente y el Secretario; un índice por sesiones en orden cronológico y una certificación al final sus-

crita por el Presidente y el Secretario sobre el contenido del volumen, la cual deberá expresar lo siguiente.

"Certifico que este volumen contiene los originales de las Actas de . . . sesiones de la Asamblea Municipal celebradas en el Año Fiscal. . . ."

(11) Tendrá bajo su custodia los Libros de Actas, los juramentos de los asambleístas y todos los demás documentos pertenecientes a los archivos de la Asamblea Municipal.

(12) Recibir del Alcalde y remitir a los asambleístas con no menos de tres (3) días de anticipación a la fecha del comienzo de la sesión en que se va a considerar el proyecto de presupuesto general.

(13) Supervisar todo el personal adscrito a la Asamblea.

(14) Certificar la asistencia de los asambleístas, a reuniones sean éstas de comisiones o de la asamblea en pleno.

El Secretario de la Asamblea Municipal podrá tomar juramentos y desempeñará, además, todos aquellos otros deberes que le fueren asignados por la Asamblea Municipal o su Presidente y aquellos otros que en este Subtítulo se le imponen.

(15) Realizar las gestiones necesarias y adecuadas para la transferencia de todos los documentos, libros, actas, propiedad y otros de la Asamblea Municipal en todo año de elecciones generales. Disponiéndose que, en caso de negarse el Secretario de la Asamblea Municipal al cumplimiento de esta obligación el nuevo Presidente electo de la Asamblea Municipal podrá incoar los recursos judiciales dispuestos en el inciso (28) de la sec. 2054 de este título. ([2])

■ Dado el historial de las distintas leyes municipales debemos colegir que el legislador incluyó al Secretario de la

---

([2])Funciones análogas a las de los Secretarios del Senado y la Cámara de Representantes. Regla V de los Reglamentos del Senado y la Cámara de Representantes. Los Secretarios del Senado y la Cámara son electos por los miembros del cuerpo. Regla II de ambos cuerpos. El Secretario de la Asamblea Municipal es nombrado por el Presidente, sujeto al consejo y consentimiento de la Asamblea. Nadie podría sostener seriamente que los Secretarios del Senado y la Cámara tienen derecho a continuar en sus cargos una vez termine el cuatrienio en que fueron electos.

Asamblea Municipal dentro del concepto de funcionarios a sabiendas de que éstos pueden ser removidos, por ejercer funciones políticas o de confianza política, a voluntad del poder nominador. En *Bezares* v. *González, Alcalde*, 84 D.P.R. 468, 472–474 (1962), hicimos el siguiente recuento:

*Ley Municipal de 1902.*—Disponía en la sección 32 que el Alcalde nombraría, dirigiría y vigilaría la conducta de todos los empleados de la municipalidad, castigándolos, cuando fuere necesario, con suspensión o destitución. Se crearon los cargos de Secretario, Tesorero, Inspector de Obras Públicas y un oficial Inspector de Sanidad nombrados por el Alcalde con la aprobación del Concejo, quienes ejercían sus cargos mientras observaban buena conducta, a menos que fueran separados por razones suficientes y justas después de ser oídos en su defensa. Había un Contador nombrado por el Concejo y separado por éste por justa causa y previa audiencia.

*Ley Municipal de 8 de marzo de 1906.*—Disponía su artículo 32, según éste quedó enmendado por Ley de 14 de marzo de 1907 y por la Ley 35 de 10 de marzo de 1910, que el Alcalde nombraría todos los empleados del municipio cuyos nombramientos no se proveyeran de otro modo en la ley y que estuvieran autorizados por las asignaciones del presupuesto y podría, por justa causa, destituir a todos los funcionarios y empleados nombrados por él solamente, o nombrados por él con la anuencia y consentimiento del Concejo Municipal, excepto que el Contador no podía ser destituido sin el consentimiento del Concejo Municipal después de haberle formulado cargos el Alcalde ante el Concejo y de haberlos contestado el Contador. La ley dispuso el nombramiento de un Secretario, un Tesorero, un Contador, un Inspector de Sanidad y un Inspector de Obras Públicas cuyos términos finalizaban al terminar la incumbencia del Alcalde que los hubiere nombrado.

*Ley Municipal de 31 de julio de 1919.*—Según fue enmendada por la 9 de 12 de mayo de 1920 y la 60 de 12 de julio de 1921, se disponía el nombramiento por la Asamblea Municipal del Concejo de Administración, compuesto por un Comisionado Municipal de Servicio Público, Policía y Prisiones, quien era el Jefe Ejecutivo, y Comisionados de Beneficencia,

Hacienda, Obras Públicas e Instrucción Pública, y el nombramiento de un Secretario y de un Auditor. Los miembros del Concejo de Administración ejercían sus cargos por cuatro años y excepto el Ejecutivo, podían ser separados por la Asamblea Municipal por justa causa previa audiencia y oportunidad de defenderse. Con la aprobación del Concejo de Administración cada uno de sus miembros nombraba los empleados de su oficina y con igual aprobación podía destituirlos por justa causa previa audiencia.

*Ley Municipal de 1928 según ha sido enmendada.—21 L.P.R.A. (ed. 1955) secciones 1 y siguientes.*—Autorizó al Alcalde a nombrar todos los funcionarios administrativos excepto el Auditor, los cuales ejercían sus cargos por el término para el cual el Alcalde hubiese sido elegido o nombrado. Todos los nombramientos de empleados serían hechos por el Alcalde a propuesta de los funcionarios administrativos respectivos. El Alcalde podía destituir dichos funcionarios y empleados por causa justificada, concediéndose a los interesados audiencia pública y oportunidad para defenderse.

El precedente historial de las leyes municipales demuestra dos cosas: (1) que la Asamblea Legislativa ha mantenido para los municipios la conocida y clásica distinción entre un funcionario y un empleado. Excepto en la Ley de 1902, los funcionarios tuvieron siempre un término de incumbencia que no trascendía el término del Alcalde electo o nombrado. Por el contrario, ninguna ley municipal fijó término de incumbencia a los empleados. (2) Tanto para los funcionarios antes de expirar el período de su incumbencia, como para los empleados, las leyes municipales dispusieron que ellos no podían ser separados de sus cargos o empleos sin justa causa o sin causa suficiente, de ordinario previa audiencia y oportunidad de defenderse.

Resolvimos expresamente que por el historial de las distintas leyes municipales que han regido, a partir de 1906 los funcionarios siempre tuvieron término fijo de incumbencia que no trascendía el del que los nombraba. Esta norma se siguió en la Ley Municipal de 1960 (21 L.P.R.A. sec. 1101 y ss.). Por otro lado, al aprobarse la ley vigente se siguió en cuanto al cargo de Secretario de la Asamblea Municipal, el

precedente establecido por este Tribunal en *De Latorre* v. *Alcalde de Carolina,* 104 D.P.R. 523, 528 (1976), donde resolvimos que:

> El caso del secretario de la asamblea municipal no es el caso ni del funcionario administrativo ni del empleado municipal. Mientras los funcionarios administrativos y los empleados son nombrados por el alcalde, el secretario de la asamblea municipal es nombrado por la asamblea municipal conforme al citado Art. 15(b). Parece claro que el legislador no quiso que fuera considerado como un empleado en vista de que tuvo el cuidado de designarlo "funcionario" al autorizar su nombramiento por la asamblea municipal. Y al darle la categoría de funcionario, es inescapable la conclusión de que quiso colocarlo en un rango similar al funcionario administrativo, como un puesto de confianza de la asamblea y no del alcalde. Se justifica que así sea si se tiene en mente el principio de separación de poderes entre el ejecutivo y el organismo legislativo del municipio. Siendo un puesto de confianza, es forzosa la conclusión de que el secretario de la asamblea cesa en sus funciones, salvo circunstancias que aquí no nos conciernen, al concluir el término por el cual es elegida la asamblea municipal que lo nombra. Esta parece haber sido la interpretación administrativa, al clasificarse en el servicio "exento" el cargo de la recurrente y así hacerse constar en el formulario en que prestó juramento del mismo.

Siendo ello así, procedía desestimar la demanda sin celebrar vista para considerar si la afiliación política es un requisito apropiado para el desempeño efectivo del puesto. (³) Aquí por mandato de ley el poder nominador tiene absoluta libertad para escoger la persona que va a desempeñar el cargo,

---

(³) A tenor con lo resuelto en *Colón* v. *C.R.U.V.,* 115 D.P.R. 503 (1984) y, *Ramos Villanueva* v. *Depto. de Comercio,* 114 D.P.R. 665 (1983), que a su vez adoptan las normas de *Branti* v. *Finkel,* 445 U.S. 507 (1980) y *Elrod* v. *Burns,* 427 U.S. 347 (1976), cuando la separación del cargo responde a motivos políticos, el peso de la prueba para establecer la relación entre la afiliación política del empleado y el desempeño efectivo del puesto, recae sobre el poder nominador.

aunque sea por razones de confianza política o personal y éste cesa en sus funciones al concluir el término de la Asamblea. La demandante no tenía derecho a vista y formulación de cargos antes de ser separada del cargo de Secretaria de la Asamblea Municipal de Jayuya.

*Se dictará sentencia que revoque la orden de injunction preliminar y se desestima la demanda.*

Los Jueces Asociados Señor Negrón García y Señora Naveira de Rodón concurren con el resultado sin opinión escrita. El Juez Asociado Señor Rebollo López no intervino.