# 98 DTA 226

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN
PANEL II**

SUNNY ROSARIO SANCHEZ, JUAN CARLOS ORTEGA CRUZ, ELMER RIVERA CALDERON
Apelantes

v.

HON. ZAIDA HERNANDEZ, EN SU CAPACIDAD INDIVIDUAL Y COMO PRES. DE LA CAMARA DE REPRESENTANTES; HON. ROBERTO REXACH BENITEZ, INDIVIDUALMENTE Y COMO PRESIDENTE DEL SENADO DE PUERTO RICO; NELIDA JIMENEZ VELAZQUEZ, DIRECTORA DE LA OFICINA DE SERVICIOS LEGISLATIVOS, CAMARA DE REPRESENTANTES Y SENADO DE P. R.
Apelados

Núm. KLAN-98-00798

San Juan, Puerto Rico, a 24 de agosto de 1998

Panel integrado por su Presidenta, Juez Alfonso de Cumpiano
y los Jueces Giménez Muñoz y Miranda De Hostos

Miranda De Hostos, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se apela una sentencia sumaria parcial emitida por el Tribunal de Primera Instancia, Sala de San Juan, mediante la cual se desestimó en todas sus partes la demanda que radicaron los apelantes, en cuanto a los apelados, Hon. Zaida Hernández Torres y el Hon. Roberto Rexach Benítez.

Inconformes con la determinación de instancia, acuden ante nos los apelantes, alegando la comisión de dos errores: primero, que incidió al determinar que los apelantes no tenían un interés propietario sobre sus puestos; y segundo, al determinar que los apelados no eran responsables por los despidos.

Se confirma la sentencia apelada por los siguientes fundamentos.

## I

Los hechos que dan lugar al presente recurso se relatan a continuación.

La apelada, Sra. Sunny Rosario Sánchez comenzó a trabajar en la Biblioteca Legislativa el 16 de octubre de 1972, como Bibliotecaria I. Su función principal consitía en catalogar y clasificar materiales bibliográficos conforme las Reglas Angloamericanas de Catalogación y los esquemas de clasificación de la Biblioteca del Congreso.

El Sr. Juan Carlos Ortega Cruz, comenzó su trabajo como Bibliotecario I en la Biblioteca Legislativa, el 15 de abril de 1986. Entre las funciones que realizaba, se encontraban: seleccionar, gestionar la adquisición de materiales bibliográficos, recibirlos e inspeccionarlos para la colección de la Sección de Adquisición de la Biblioteca Legislativa; preparar el Registro de Accesión a los libros indicando su ficha bibliográfica, precio y número de propiedad; y realizar trabajos de referencia en períodos de guardia.

El Sr. Elmer Rivera Calderón comenzó a trabajar el 21 de enero de 1975 en la Oficina de Servicios Legislativos en calidad de Auxiliar de Contabilidad, donde recibió varios ascensos. Al momento en que surgió la controversia, se desempeñaba como Contralor IV. Sus tareas incluian, entre otras: registrar transacciones de cuentas y pagos obligados a través de los formularios correspondientes del Departamento de Hacienda; registrar las compras de equipo, hacer la conciliación mensual de cuentas y mantener el balance de éstas al día, así como preparar el análisis de las mismas para el presupuesto; revisar la corrección de facturas para efectuar pagos; darle seguimiento en el Departamento de Hacienda a los pagos de los suplidores de materiales y equipo; archivar comprobantes y facturas pagadas; y llenar a maquinilla algún documento determinado.

Los apelantes ocuparon sus puestos sin tomar examen alguno, sin competencia ni oposición y no están identificados políticamente con la actual administración.

Como parte del cambio en la administración pública en Puerto Rico, la Hon. Zaida Hernández Torres fue elegida Presidenta de la Cámara de Representantes y el Hon. Roberto Rexach Benítez como Presidente del Senado.

Los presidentes de Cámara y Senado acordaron dividirse la administración del Capitolio. La Presidenta de la Cámara tendría a su cargo la administración de la Oficina de Servicios Legislativos y la administración de la Superintendencia la asumiría el Presidente del Senado. Emitieron una orden administrativa el 15 de enero de 1993, en la cual nombran a la Lcda. Nélida Jiménez Velázquez como Directora de la Oficina de Servicios Legislativos. En ésta delegaron la administración de los recursos humanos de dicha oficina, incluyendo la separación de cualquier personal.

El 29 de enero de 1993, la licenciada Jiménez separó de sus respectivos puestos a los apelantes. El 23 de marzo de ese año, los apelantes presentaron una demanda en el tribunal de instancia al amparo de la Ley Federal de Derechos Civiles y la de Puerto Rico. Dicho foro dictó sentencia sumaria parcial en dicha controversia, desestimando en todas sus partes la demanda contra los apelados.

Se apela ante nos dicho dictamen.

Debemos hacer constar, que en relación a la solicitud de desestimación de los apelados por haberse presentado en exceso del plazo dispuesto por ley, se deniega, pues el término comenzó a decursar a partir de la fecha de la notificación de la sentencia enmendada. Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III; *García Claudio v. García Guevara,* opinión de 11 de junio de 1998, **98 J.T.S. 70,** pág. 1029.

## II

A la luz de los hechos antes esbozados, analicemos el derecho aplicable a la controversia planteada.

Los apelantes alegan como primer error, que incidió el foro de instancia al determinar que no tenían un interés propietario sobre sus puestos.

No tienen razón.

La Asamblea Legislativa está facultada para aprobar y promulgar reglamentos propios para su administración. Constitución del Estado Libre Asociado de Puerto Rico, Art. III, sección 9; Ley Núm. 258 del 30 de julio de 1974, 2 L.P.R.A. sec. 551-556.

La Asamblea Legislativa está excluida de las disposiciones de la Ley de Personal del Servicio Público y está facultada para promulgar sus propios reglamentos. Sec. 10.6, Ley Núm. 5 de 14 de octubre de 1975; 3 L.P.R.A. sec. 1338. Cónsono a dicho mandato, en el 1984 se promulgaron las Reglas de Administración del Sistema de Personal de la Oficina de Servicios Legislativos, las cuales disponen en su Art. IV, que los empleados de dicha oficina *"[o]cupan posiciones de libre selección y remoción...".* Se reconoce que las reglas promulgadas recogen las normas que habían estado en vigor durante los últimos treinta (30) años, en dicha rama de gobierno.

El Tribunal Supremo ha resuelto que en el servicio público hay dos tipos de empleados: los de carrera y los de confianza. Los empleados de carrera ingresan al servicio público mediante un proceso de reclutamiento y selección, por lo que se le ofrece la oportunidad de competir a toda persona cualificada que interese ocupar un empleo público. *Colón v. Alcalde Municipio de Ceiba,* 112 D.P.R. 740, 746 (1982). Por el contrario, los empleados de confianza son de libre selección y remoción. El simple hecho de ocupar un puesto por un espacio de tiempo prolongado no crea un interés propietario. *Depto. Recs. Naturales v. Correa,* 118 D.P.R. 689, 693-694 (1987).

En el caso de autos, los apelantes fueron reclutados mediante un proceso directo que no incluyó examen, oposición o competencia. Aunque llevaban un tiempo ocupando sus puestos, conforme fueron reclutados, no tenían un interés propietario sobre sus trabajos. El sólo hecho de trabajar en la Oficina de Servicios Legislativos por cierta cantidad de años no era suficiente para demostrar dicho interés, menos aún, cuando sus nombramientos estaban sujetos a libre remoción, lo cual era de su conocimiento.

Tampoco surge de los hechos que los apelantes probaran que se tratara de un caso de discrimen por razones políticas en cuanto a los aquí apelados. Por lo tanto, no incidió el foro de instancia al concluir

que los apelantes no tenían un interés propietario en sus puestos.

El primer error no fue cometido.

### III·
Como segundo error se plantea, que incidió el tribunal de instancia al determinar que los apelados no eran responsables por los despidos de los apelantes.

En cuanto a éste los apelantes tampoco tienen razón. Veamos las normas jurídicas aplicables.

Nuestro Tribunal Supremo ha resuelto que la imposición de responsabilidad a los supervisores no se hace bajo la doctrina de responsabilidad vicaria. Su responsabilidad descansa, en los actos u omisiones que éstos hayan realizado en el desempeño de sus funciones de supervisión. *Leyva v. Aristud,* opinión del 19 de enero de 1993, **93 J.T.S. 5,** pág. 10305. (Casos citados.)

Se ha resuelto que un acto aislado no es suficiente para invocar la protección de la sección 1983 de la Ley de Derechos Civiles, 42 U.S.C.A. sec. 1983. Se requiere que el supervisor tenga conocimiento de actuaciones ilegales o abusivas previas, cometidas por un subalterno o demostrar una clara indiferencia e insensiblidad a los derechos constitucionales del demandante. *Id.*, pág. 10306.

En cuanto a este error, basta con señalar que para que los apelados hubieran tenido responsabilidad, se requería conforme a la jurisprudencia, que se estableciera un reiterado envolvimiento *("personal involvement")* en cuanto a los despidos, que evidenciara una indiferencia e insensibilidad de éstos hacia los apelantes. Ello no fue probado, por el contrario, la Hon. Zaida Hernández Torres no conocía a los apelantes, por lo cual desconocía su afiliación política. En el caso del Hon. Roberto Rexach Benítez, no sólo desconocía quiénes eran los apelantes y su afiliación política, sino que conforme al acuerdo que tenía con la Hon. Zaida Hernández Torres, ni siquiera supervisaba la Oficina de Servicios Legislativos, donde trabajaban los apelantes.

A tenor con las circunstancias particulares del presente caso, concluimos que no erró el foro apelado cuando determinó que ninguno de los presidentes de los cuerpos legislativos eran responsable del despido de los apelantes.

### IV
Por último y no menos importante, nuestro ordenamiento procesal civil dispone que cuando una parte solicita que se dicte sentencia sumaria y no existe una controversia real sustancial en cuanto a ningún hecho material y procede como cuestión de derecho, debe dictarse concediendo los remedios solicitados. Regla 36 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III; *Ríos Jaiman v. Cidra Mfg.*, opinión de 15 de junio de 1998, **98 J.T.S. 73**, pág. 1055.

El foro apelado aquilató las mociones y la prueba documental que tuvo ante sí y del análisis de ésta surge que los apelados no tenían responsabilidad civil en la causa instada. En ausencia de error al emitir dicho dictamen, no intervendremos con el mismo.

### V
Por los anteriores fundamentos, se confirma la sentencia apelada según sus términos y condiciones, por concluir que no fueron cometidos los errores alegados.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General