ARTURO RAMOS VILLANUEVA, demandante y recurrido, *v.* DEPARTAMENTO DE COMERCIO Y OTROS, demandados y peticionarios.

*Número:* O-83-476      *Resuelto:* 18 de octubre de 1983

*Eliezer Aldarondo Ortiz,* abogado de los peticionarios; *Noel Vera Mercado,* abogado del recurrido.

PER CURIAM: En *Ramos* v. *Srio. de Comercio,* 112 D.P.R. 514 (1982), resolvimos que el recurrido había sido despedido por razones políticas y el Estado no había demostrado que la afiliación política era requisito adecuado para el desempeño de su cargo. Confirmada así la determinación de instancia, el tribunal juzgador en ejecución de la sentencia ordenó a la parte recurrente que, además de los sueldos dejados de percibir, pagara al recurrido las vacaciones acumuladas durante el período del despido. La peticionaria presentó solicitud de *certiorari* para revisar la parte de la resolución sobre el pago de las vacaciones acumuladas. Expedimos orden de mostrar causa circunscrita a ese aspecto de la resolución y en cumplimiento el recurrido compareció.

■ Revocamos la resolución del tribunal juzgador en cuanto exige a los recurrentes pagar al recurrido sumas por concepto de vacaciones atribuibles al período del despido hasta que fuera instalado en su puesto. Las vacaciones han sido instituidas con el propósito de permitir a los empleados un período de descanso para reponer las fuerzas físicas y mentales agotadas en el período de trabajo y compartir ratos de tranquilidad y sosiego con sus familias. *Rivera Maldonado* v. *Autoridad Sobre Hogares,* 87 D.P.R. 453, 456 (1963). Mientras se disfruta de este período de descanso en el término que dispone la ley, el empleado continúa percibiendo igual cantidad del sueldo como si estuviera trabajando. Si el empleado elige trabajar 11 meses al año y vacacionar un mes, de todas maneras recibirá el sueldo correspondiente a 12 meses. Es decir, el pago por vacaciones no representa compensación adicional al sueldo, sino que es el equivalente del sueldo pagado mientras se descansa. En nuestro caso al recurrido se le pagaron todos los salarios dejados de percibir mientras estuvo despedido, cesante en su trabajo. Ese pago incluyó tanto los períodos

que hubiera trabajado como los que hubiera descansado en vacaciones.

■ El recurrido alega que nuestra opinión en *Ramos*, supra, tiene efectos de cosa juzgada en esta etapa de los procedimientos. No tiene razón. La opinión citada sólo se circunscribió a determinar la legalidad del despido. En esa etapa de los procedimientos no se dilucidó controversia de hechos sobre vacaciones acumuladas durante el período de despido. Es en el trámite de ejecución de la sentencia donde por primera vez se levanta el asunto. Por tanto no existe impedimento alguno de cosa juzgada. *Cf. De Castro* v. *Junta Comisionados*, 59 D.P.R. 676, 679 (1942), confirmado en 322 U.S. 451 (1944).

Por las razones que anteceden, *se dictará sentencia en la que se expida el auto y se revoque la resolución recurrida.*