# 95 DTA 200

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

CELESTE DE JESUS ROJAS Y OTROS,
Demandantes-Apelados

v.

T.H. WARD DE LA CRUZ, INC., MANTECADOS UNLIMITED, CORP.
Demandados-Apelados

MANTECADOS PAYCO, INC. Y ANTONIO CARRERA,
Demandantes-Terceros Demandantes-Apelantes

v.

SPECIAL SECURITY FORCE, INC., UNIVERSAL INS. CO.
Terceros Demandados-Apelados

San Juan, Puerto Rico, a 27 de junio de 1995

Panel integrado por su presidenta, la Juez Alfonso de Cumpiano
y los Jueces Broco Oliveras y Miranda De Hostos

Alfonso de Cumpiano, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La única controversia que se nos presenta en esta apelación es si el Tribunal de Primera Instancia, Sala de San Juan, erró al incluir en su sentencia sumaria una frase a los efectos de que *"no existe controversia real de que los daños fueron causados por la emanación de amonia."*

Se trata, sucintamente, de un pleito que se encuentra pendiente y que fue instado por los demandantes-apelados, quienes alegan haber sufrido daños como consecuencia de un escape de amonio en las instalaciones de la apelante, Mantecados Payco, Inc. (Payco).

El 21 de marzo de 1995, el tribunal apelado emitió Sentencia Sumaria Parcial en reconsideración, desestimando la demanda contra Universal Insurance Co. (Universal), y a tenor con la Regla 43.5 de las Reglas de Procedimiento Civil, ordenó su registro y notificación por no haber razón para posponer el dictamen. Al explicar por qué se desestimaba la apelación contra dicha compañía, el tribunal invocó la cláusula de la póliza de seguro de Universal que excluye las reclamaciones que surjan con motivo de la responsabilidad contractual del asegurado Special Security Force, Inc. (Special Security) con Payco. Además, aludió a que los daños fueron causados por emanaciones de contaminantes, haciendo referencia a que los daños fueron causados por la emanación de amonio, lo que queda excluido de la póliza.

A solicitud de Payco, el tribunal emitió resolución el 19 de abril de 1995 aceptando y acogiendo la aclaración de la sentencia sumaria de que los daños fueron alegados, pero no probados. Denegó su reconsideración, señalando que en su contestación a la demanda Payco aceptó que en la fecha de los hechos alegados hubo un escape de amonio. Por tanto, concluyó

que no podía incluirse como cubierto un daño excluido por el contrato de seguro, reafirmándose así en su determinación de dictar sentencia sumaria a favor de Universal.

Los apelantes insisten que al señalar en la sentencia sumaria parcial que no existía controversia en torno a que los daños fueron causados por la emanación de amonio, el tribunal apelado adjudicó en esta etapa de los procedimientos controversias sobre causalidad y daños.

Es claro que las expresiones del tribunal cuestionadas en esta apelación no tienen el alcance que le adjudican los apelantes. Esta sólo resolvió la desestimación de la demanda contra Universal, por no estar los daños cubiertos por la póliza. No ha habido adjudicación de la controversia, ni le es aplicable la doctrina de cosa juzgada al señalamiento del tribunal, sobre la causa de los alegados daños.

Una sentencia sólo tendrá autoridad de cosa juzgada en cuanto a las cuestiones suscitadas en el procedimiento en que se dictó. *Ramos Villanueva v. Dpto. de Comercio,* 114 D.P.R. 665, 667 (1983); *De Castro v. Junta de Comisionados,* 59 D.P.R. 676, 679 (1942). En otras palabras, la sentencia será concluyente meramente en cuanto a aquellas materias que de hecho se suscitaron y verdaderamente o por necesidad se adjudicaron por ser esenciales para la resolución de la controversia planteada. *Colón v. San Patricio Corp.,* 81 D.P.R. 242, 272 (1959).

A tono con lo anterior, la Regla 43.5 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, que faculta al tribunal a dictar sentencia parcial final en casos de partes o reclamaciones múltiples sin necesidad de disponer de la totalidad del pleito, establece que la finalidad concedida a una sentencia parcial se circunscribe a los asuntos comprendidos en la controversia adjudicada en ella. Es decir, que en cuanto a aquellos asuntos no esenciales para la resolución de la controversia planteada, las expresiones del tribunal contenidas en la sentencia, no tendrán efecto de cosa juzgada.

En *Guzmán v. Otis Elevator,* ___ D.P.R. ___ (1994), **94 J.T.S. 31,** pág. 11623, el Tribunal Supremo no aplicó la doctrina de cosa juzgada, ni su modalidad de impedimento colateral por sentencia, en un caso de sentencia parcial final en que se desestimó la demanda contra un tercero traído para responder por vicios de construcción. Expresó el Tribunal que era evidente que, tratándose de una sentencia parcial limitada a resolver la reclamación incoada contra el contratista, se había reservado la cuestión de la responsabilidad del demandado fundada en su obligación de proveer mantenimiento al elevador en cuestión.■

En vista de todo lo anterior, y a los fines de poder establecer qué asuntos han sido objeto de adjudicación por el tribunal y por consiguiente, qué expresiones suyas tienen efecto de cosa juzgada, es necesario auscultar y comparar las súplicas de las alegaciones de las partes y el fallo o parte dispositiva de la sentencia. Ello, por ser los lugares en que respectivamente las partes concretan sus peticiones y el juzgador su decisión. *Cárdenas Maxán v. Rodríguez,* 119 D.P.R. 642, 655 (1983). Téngase presente que es en la parte dispositiva de la sentencia, y no en la relación de los hechos, que se adjudican y definen finalmente las controversias del caso y se definen los derechos de las partes. Por ello, la adjudicación expresa va por encima de las meras determinaciones de hechos incluidas en la sentencia. *Pueblo v. Hernández Maldonado,* ___ D.P.R. ___ (1991), **91 J.T.S. 93,** pág. 9037; *Cárdenas Maxán v. Rodríguez, supra,* pág. 655-657.

Aplicados los anteriores principios a este caso, surge que la solicitud de sentencia sumaria fue a los fines de que se desestimara la demanda contra Universal por la póliza excluir responsabilidad por emanaciones de contaminantes, es decir, por no cubrir los hechos alegados en la demanda, y la responsabilidad contractual o extracontractual que procediera

como resultado de dichos hechos. Por el contrario, Payco planteó en su oposición a la moción de sentencia sumaria que las cláusulas de exclusión de la póliza no eran aplicables a los hechos del caso, por lo que no procedía la desestimación solicitada. Es decir, que la controversia trabada en esa etapa de los procedimientos se circunscribió a determinar si eran o no aplicables ciertas cláusulas de exclusión de responsabilidad contenidas en la póliza bajo la que Universal fue traída al pleito.

Por tanto, el alcance de la sentencia sumaria parcial fue únicamente desestimar la demanda contra Universal al resolver que no tenía responsabilidad alguna bajo los fundamentos por los que fue demandada. En consecuencia, la sentencia no adjudicó controversia alguna sobre los daños, tan sólo reiteró lo que aceptaron los apelantes, que los alegados daños se debieron a un escape de amonio. El efecto de ello y la causalidad de los daños serán objeto de dilucidación en la litigación pendiente. Coincidimos con Universal que el único asunto que constituye cosa juzgada en este procedimiento es la ausencia de cubierta bajo la Exclusión Total de Contaminación, bajo la que se excluyen los daños reclamados en la demanda. Por ello, es innecesaria la solicitud de aclaración formulada por los apelantes ante este Tribunal.

En atención a los fundamentos antes expuestos, se confirma la sentencia parcial apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 200

**1.** La póliza número UI-560-04664 expedida por Universal a favor de Special Security era a los fines de proteger la responsabilidad de éste por los daños físicos o a la propiedad que ocasionare a raíz del contrato de servicios de seguridad suscrito con Payco. (Apéndice 8, pág. 37).

**2.** Aunque en *Feliciano v. Alfonso Development Corp.,* 96 D.P.R. los, 114 (1968), se trataba de una sentencia parcial de carácter interlocutorio, el Tribunal Supremo negó efecto de cosa juzgada a una sentencia desestimatoria dictada previamente en el mismo caso contra dos de los demandados, permitiendo así su inclusión nuevamente en el pleito. La decisión estuvo basada en que la fuente de responsabilidad por la que dichas partes fueron traídas inicialmente al pleito era diferente a aquélla por la que se les traía nuevamente. Al así resolver, el Tribunal expresó:

*"...la sentencia desestimatoria no expresa resolución sobre lo que constituyó el nervio y raíz del pleito actual, absteniéndose de conocer la cuestión debatida. Se trataría en todo caso de un supuesto de cosa juzgada formal y no material, que se da cuando el tribunal resuelve la cuestión planteada en su fondo."*