CARMEN D. FRANCO, demandante y recurrente, *v.* MUNICIPIO DE CIDRA y OTROS, demandados y recurridos.

*Número:* R-82-49      *Resuelto:* 29 de junio de 1982

*José Aulet*, abogado de la recurrente; *Carlos H. Rodríguez Freire*, abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

El 1ro de julio de 1977 Carmen D. Franco fue designada, directamente y sin oposición, Directora de Personal del Municipio de Cidra, con carácter probatorio y sueldo de $500 mensuales, por el entonces alcalde Tomás Rodríguez Ruiz. Transcurridos seis (6) meses de labor satisfactoria, fue nombrada empleada permanente el 1ro de enero de 1978.

Así las cosas, el 13 de enero de 1981, el nuevo alcalde Luis A. Santos Flores la removió de su puesto sin previa formulación de cargos ni celebración de vista, bajo la tesis de que era una empleada de confianza que lo asesoraba "en todo lo relacionado con el personal. . .".

No conforme, en unión a otros empleados despedidos, formuló demanda de *injunction, mandamus* y daños y perjuicios, alegando que el despido era ilegal y motivado por cuestiones político-partidistas.

Oportunamente, el tribunal ventiló el caso y, a base de la prueba documental estipulada,(¹) resolvió en su contra. Acordamos revisar.

## I

Él tribunal sentenciador concluyó que el puesto de director de personal era de confianza, invocando la Sec. 4(a) sobre Servicio Exento de la Ordenanza Municipal Núm. 66, Serie 1973-74, y el listado de Puestos Exentos del Reglamento de Personal del Municipio de Cidra, respecto a las funciones de empleados de confianza, su libre elección y remoción. La recurrente cuestiona esa determinación con el argumento de que la ordenanza no contemplaba el puesto como exento, además de que la nueva Ley de Personal del

---

(¹)Consistió de su nombramiento probatorio; carta del 30 de diciembre de 1977, en la que se le informaba que había concluido ese período y que se le extendía un nombramiento permanente; copia de la Ordenanza Municipal de Cidra Núm. 66, Serie 1973-74, aprobada el 27 de julio de 1974 y copia del Reglamento de Personal del Municipio de Cidra, adoptado el 23 de mayo de 1979 por el Alcalde Diego Reyes Vázquez y aprobado por José Roberto Feijoó, Director de la Oficina Central de Administración de Personal, el 5 de junio de 1979.

Servicio Público, Ley Núm. 5 del 14 de octubre de 1975 no le aplicaba.

■ El primer error no fue cometido. Ciertamente, el puesto de director de personal no aparecía como exento en la Ordenanza Núm. 66, Serie 1973–74, existente a la fecha de su nombramiento (1ro de enero de 1978). Sin embargo, es incuestionable que a esa fecha estaba vigente la nueva Ley de Personal, cuyas disposiciones aplicaban ipso jure. Así, aunque el Reglamento de Personal del Municipio de Cidra —que clasifica el puesto de director de personal como de confianza— fue aprobado con posterioridad a su nombramiento, el municipio ya venía obligado y, por mandato expreso de la Ley —Secs. 10.7 y 5.7— y como Administrador Individual, debió haberlo promulgado antes "en un período no mayor de doce meses a partir de la aprobación. . .", de la nueva Ley de Personal. 3 L.P.R.A. secs. 1301 y 1347. En otras palabras, a partir del 14 de octubre de 1976 la entidad municipal debió haber adoptado un reglamento sobre el área esencial del principio de mérito en términos de reclutamiento, clasificación, etc. En la medida en que no lo hizo y continuó gobernándose por la Ordenanza Núm. 66, sus disposiciones y actuaciones, que fueran contrarias e incompatibles con la Ley de Personal, carecían de fuerza legal suficiente para crear y convalidar un puesto y nombramiento de carrera que, esencialmente, era de confianza. No podemos —así nos hemos negado en el pasado— refrendar la teoría de que la inacción o ilegalidad de la autoridad municipal pueda ser fuente para reconocer derechos donde no los hay si nacen de una violación de la ley. *Colón* v. *Alcalde Mun. de Ceiba,* 112 D.P.R. 740 (1982); *Delgado Rivera* v. *Alcalde de Carolina,* 109 D.P.R. 5, 11 (1979); *Ortiz* v. *Alcalde de Aguadilla,* 107 D.P.R. 819, 823, 825 (1978).

Aclarado ese extremo, es forzoso resolver que el vacío en el reglamento municipal se llenó por lo preceptuado en el Art. 5.10 de la Ley de Personal, que consigna la fórmula

para evaluar un puesto de confianza, además de enumerar aquellos que, de jure, son de "libre selección y remoción". A tal efecto reza:

Empleados de confianza

*Los empleados de confianza son aquellos que intervienen o colaboran sustancialmente en la formulación de la política pública, que asesoran directamente o que prestan servicios directos al jefe de la agencia, tales como:*

(1) .    .    .    .    .    .    .    .
(2) .    .    .    .    .    .    .    .
(3) .    .    .    .    .    .    .    .
(4) .    .    .    .    .    .    .    .
(5) Las secretarias personales y los conductores de vehículos de *los funcionarios relacionados por elección popular; así como los ayudantes que respondan directamente a dichos funcionarios.* (Énfasis suplido.) 3 L.P.R.A. sec. 1350.

Por virtud de la Ley Municipal, el alcalde es llamado a nombrar a los empleados municipales. Ley Núm. 142 del 21 de julio de 1960, según enmendada, Arts. 35 y 91 (21 L.P.R.A. secs. 1254(1) y 1551). Esa función es delegable. Con tal propósito, la recurrente Franco fue nombrada. Se desempeñaba como delegada del alcalde, con la responsabilidad primordial de asesorar y responderle directamente en cuanto al personal municipal, en todas sus dimensiones. En consecuencia, su cargo ipso jure era de confianza.

Contra esta decisión no puede oponerse la Ordenanza Núm. 66 antes citada. Como dijimos recientemente, ". . . [n]ada hay en el estatuto —sería ello un contrasentido— que nos permita sostener la teoría de que la autoridad municipal tiene discreción absoluta para clasificar arbitrariamente a sus empleados. No es la etiqueta ni la descripción escrita de los deberes lo determinante, sino la naturaleza real de las funciones —en atención al conjunto de esos deberes y responsabilidades, o la relación con el jefe de la agencia." *Colón*, supra, págs. 744-745.

En resumen, al momento de ser nombrada la recurrente Franco, estaba vigente la Ley de Personal de Servicio

Público, cuyas disposiciones le eran aplicables. Debe estimarse que la Ordenanza Núm. 66 sólo regía en todo aquello que no fuera incompatible con la referida Ley de Personal. "De pobre valor decisorio, moral y jurídico, sería pautar un remedio eregido sobre la base de la ilegalidad e inobservancia de una ley. De aplicación al caso de autos es el principio elemental, pero rector, de que '[s]on nulos los actos ejecutados contra lo dispuesto en la ley, salvo los casos en que la misma ley ordene su validez'. Art. 4, Código Civil, 31 L.P.R.A. sec. 4. Máxime cuando ello atenta contra los valores de orden público plasmados en la Ley de Personal. *No cabe extender la protección de la clasificación como empleado de carrera a quien logró tal puesto a base de criterios ajenos a esa categoría.* 'La igual protección de las leyes no implica igual protección de la violación de las leyes. . . . En el supuesto de que [el municipio] hubiese cometido algún error en la aplicación de la ley, esa actuación no sería válida'. *Del Rey* v. *J.A.C.L.*, 107 D.P.R. 348, 355 (1978)." (Énfasis suplido.) *Colón*, supra, págs. 746–747.

Independientemente de lo expuesto, a igual solución armoniosa se llega aplicando la norma legislativa sobre el *status* y los derechos de los empleados a la vigencia de la ley. Ley Núm. 5 del 14 de octubre de 1975, Sec. 9(1) y (5). 3 L.P.R.A. sec. 1421(1) y (5). La misma establece que los empleados que estuvieren ocupando un puesto en el *Servicio sin Oposición* serán de confianza si, conforme las normas antes enumeradas, así se desempeñan. Tal es el caso de la recurrente Franco.

## II

■ Réstanos considerar el señalamiento sobre discrimen político. El error fue cometido. Se alegó y reclamó la existencia del derecho constitucional sobre ideas políticas. A tono con *Ramos* v. *Srio. de Comercio*, 112 D.P.R. 514 (1982), la condición de empleado de confianza de por sí no

priva de la protección contra discrimen político. Es materia a ser dilucidada y evaluada en cada caso en particular.

*En vista de que las partes no sometieron la cuestión, por no tener el beneficio de esa decisión, procede que dictemos sentencia que remita al tribunal de instancia el caso, para que dilucide la veracidad de esa alegación conforme la doctrina imperante.*

El Juez Asociado Señor Díaz Cruz disiente por los fundamentos expuestos en *Ramos v. Srio. de Comercio,* supra. El Juez Asociado Señor Rebollo López no intervino.

