Ramon **RUIZ ROCHE**, Plaintiff,

v.

Miguel D. **LAUSELL** and the Puerto Rico Telephone Co., Defendants.

Civ. No. 85–0476(JAF).

United States District Court, D. Puerto Rico.

May 28, 1987.

José R. Pérez-Hernández, San Juan, P.R., for plaintiff.

Jay García-Gregory, Fiddler, Gonzalez & Rodriguez, San Juan, P.R., for P.R. Telephone Co.

Manuel Alvarado, Saldaña, Rey, Moran & Alvarado, San Juan, P.R., for Miguel D. Lausell.

## OPINION AND ORDER

FUSTE, District Judge.

This action, alleging discharge from employment for reasons of political affiliation,[1] is before us on a motion for summary judgment. Defendant Miguel D. Lausell raises the defense of qualified immunity in that political affiliation is a proper qualification for the position of General Counsel for the Puerto Rico Telephone Company (PRTC). The PRTC seeks dismissal based on immunity under the eleventh amendment. The facts which give rise to this case are as follows:

The Puerto Rico Telephone Company is a corporation organized under the laws of Delaware, which operates a telephone system in Puerto Rico. It was owned and operated as a private corporation until it was purchased in the 1970's by the Puerto Rico Telephone Authority, a public corporation of the Commonwealth of Puerto Rico. Although it became a public corporation, the PRTC continued to operate in the manner of a private enterprise.

Plaintiff was hired by the PRTC on April 13, 1981, to fill the position of Executive Assistant and Legal Counsel. After completing a probationary period, he gained the status of a regular employee. Over the next two years, the position's title evolved to Group Director Legal and Security and, eventually, in April 1983, to General Counsel.

On June 2, 1982, in its decision in the case of *Torres Ponce v. Jiménez*, 113 D.P.R. 58 (1982), the Supreme Court of Puerto Rico ruled that as a quasi private-public corporation, the merit principle that governs the norms of the public service personnel applies to the PRTC, even though it is organized like a private corporation. In compliance with the decision, the PRTC issued personnel regulations for its managerial employees in April 1983. The regulations established two managerial categories: "puestos de confianza," trust positions, and "puestos gerenciales regulares," or the regular managerial positions. Ruiz Roche's position of General Counsel was classified as a trust position.

Shortly after the 1984 elections, defendant Lausell was appointed president of the PRTC. On January 10, 1985, Lausell discharged the plaintiff, effective as of January 25, 1985. It is plaintiff's contention that he was discharged because he is affiliated with the New Progressive Party and the new administration is made up of members of the Popular Democratic Party. He also alleges that he has a protected property interest in the form of job tenure under the Public Service Personnel Law, Law No. 5, of October 14, 1975, which, under article 5, section 5.10, 3 L.P.R.A. sec. 1350, gives him the right to be reinstated in his career position after being removed from a confidential one.

Defendant Lausell moves for summary judgment, claiming that because plaintiff's position was one of trust, there was no property interest. Additionally, the nature of the position is alleged to be one for which political affiliation is, or could reasonably have been believed to be, proper, and, therefore, Lausell is protected by qualified immunity. The PRTC cites eleventh-amendment immunity for lack of jurisdiction as to the PRTC, and *Ex-Parte Young*, 209 U.S. 123 (1908), as to Lausell in his official capacity.

### I.

The job description, as well as plaintiff's deposition testimony, indicates that the position in question is one of a highly-placed confidant and advisor to the company presi-

---

1. Jurisdiction is based upon 28 U.S.C. sec. 1343, 42 U.S.C. secs. 1983 and 1985, the first, fifth, and fourteenth amendments to the United States Constitution, as well as upon the Public Service Personnel Act of 1975, 3 L.P.R.A. secs. 1301–1431.

dent, as well as one having managerial and supervisory functions:

1. He answered directly to the company president.
2. He advised the president on projected legislation, as well as recommending changes in them.
3. Generally supervised the legal department operation.
4. Interpreted matters of legal consequence that will impact the operation or financial climate of the company.
5. Coordinates all activities between the company and the Commonwealth and Federal governments.

■ It is our finding that political affiliation is a proper qualification for the legal counsel to the president of the PRTC, and that the defendant, therefore, enjoys qualified immunity for his having discharged plaintiff from his confidential position.

We, therefore, enter summary judgment, see Celotex v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), all under the authority of Miguel A. Pérez Quintana v. Gracia Anselmi, 817 F.2d 891 (1st Cir.1987); Juan A. Méndez Palou v. Santos Rohena-Betancourt, José M. Rodríguez Ramírez v. Antonio González-Chapel, and Rafael Giménez Boehm v. Riefkohl, 813 F.2d 1255 (1st Cir. 1987); Ramón Monge Vázquez v. Santos Rohena-Betancourt and Pablo Ortiz Lebrón v. Alejandro Santiago Nieves, 813 F.2d 22 (1st Cir.1987); Israel Alicea Rosado v. Carmen Sonia Zayas and Gaddiel Morales Burgos v. Patria Custodio, 813 F.2d 1263 (1st Cir.1987); Collazo Rivera v. Torres Gaztambide, 812 F.2d 258 (1st Cir. 1987); Jiménez Fuentes v. Torres Gaztambide, 803 F.2d 1 (1st Cir.1986); De Abadía v. Izquierdo Mora, 792 F.2d 1187 (1st Cir. 1986).

## II.

■ We now turn to Ruiz Roche's contention that because he was a career employee prior to his classification as confidential, he is entitled to be reinstated to a career position, and the discharge without prior notice and hearing was unlawful. We find plaintiff's contention meritless.

Prior to the Torres-Ponce decision, the PRTC continued to operate like a private corporation. It had three classes of employees. Those who were not "temporary" or "probationary" employees, were considered to be "regular" employees. Among regular employees there was no further distinction, no tenured or nontenured positions. We cannot say that because plaintiff had a regular appointment he was a career employee with property interests which had to be respected. If we follow this thinking to its limit, then all regular employees, including the company president, would be career employees; an obvious absurdity. Even if we were to grant plaintiff's wish and label him a prior career employee under the Public Service Personnel Law, he would still not have a property interest requiring procedural safeguards [2] because, as he acknowledges, he was not recruited in accordance with the merit. See Colón v. Alcalde Municipio de Ceiba, 112 D.P.R. 740, 746 (1982); Guerra v. Secretario de Servicios Sociales, 112 D.P.R. 50, 53 (1982); Franco v. Municipio de Cidra, 113 D.P.R. 260, 264 (1982).

Therefore, the motion for summary judgment is GRANTED and the action is hereby DISMISSED.[3]

IT IS SO ORDERED.

---

**2.** See section 4.6 of the Personnel Law, 3 L.P.R.A. sec. 1336.

**3.** There being no liability on the part of defendant Lausell, there can be no liability as to the respondeat superior, PRTC.