Eva Irizarry Casiano, demandante y peticionaria, *v.* Estado Libre Asociado de Puerto Rico y el Departamento de Educación, demandados y reconvenidos.

*Número:* CC-97-66          *Resuelto:* 19 de marzo de 1997

*Alfredo Cardona Álvarez,* abogado de la peticionaria.

## RESOLUCIÓN

A la petición de *certiorari* presentada en este caso, *no ha lugar.*

Lo acordó el Tribunal y certifica el señor Secretario del Tribunal Supremo. El Juez Asociado Señor Fuster Berlingeri emitió un voto disidente por escrito. El Juez Presidente Señor Andréu García no intervino en la decisión mayoritaria de denegar el recurso.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario del Tribunal Supremo*

### — O —

Voto disidente emitido por el Juez Asociado Señor Fuster Berlingeri.

El caso de autos gira en torno a la situación laboral de una persona que durante *catorce (14) años* estuvo empleada por el Departamento de Educación, primero como ayudante de maestra y más recientemente como Trabajadora I de Educación Especial, prestando servicios en la

banda escolar de Sabana Grande y devengando un modesto sueldo de $504.00 mensuales.

Según alegado, luego del cambio político resultante de las elecciones de 1992, el superintendente de escuelas de Sabana Grande no le renovó a la empleada su contrato de servicio, indicándole que ello se debía a que "había que darle oportunidad a los nuevos".

La empleada presentó oportunamente una acción judicial para procurar su reinstalación en el empleo que había tenido antes. Adujo expresamente que no se le renovó su contrato por razones de discrimen político. Señaló que era miembro activo del partido que había perdido las elecciones.

Luego de varios incidentes procesales, el Tribunal de Primera Instancia, Sala de San Germán, desestimó sumariamente la demanda de la empleada, por entender que ésta ocupaba una plaza *transitoria* y que no tenía derecho a que se le renovara su nombramiento al vencer el término del contrato.

El Tribunal de Circuito de Apelaciones confirmó.

## I

Reconozco que el estado de derecho en Puerto Rico es que, de ordinario, un empleado público de nombramiento transitorio no tiene una expectativa legítima de continuar en el empleo, una vez ha vencido el término para el cual fue nombrado. *Depto. Recs. Naturales v. Correa*, 118 D.P.R. 689 (1987).

No obstante, en este caso median circunstancias especiales que justifican apartarse aquí de la norma referida. Por un lado, se trata de una empleada que ha prestado servicios por catorce años consecutivos. Su contrato ha venido renovándose una y otra vez. Más importante aun, la razón por la cual dicho contrato no fue renovado en 1993, no fue la de descontento con la calidad de los servicios que prestaba la empleada, ni porque las labores que venía desempeñando ya no eran necesarias, o porque no hubiese

presupuesto para renovar el contrato. No estaban presentes ninguna de estas razones que legítimamente justifican no extender nuevos nombramientos en casos de plazas propiamente provisionales o transitorias. Por el contrario, el contrato no se renovó aquí sencillamente por razones puramente partidistas, para darle entrada en la nómina pública a los vencedores en la contienda electoral. Se trata del caso típico de discrimen político.

Este Tribunal reiteradamente ha resuelto que los empleados públicos están protegidos en sus cargos contra el discrimen por ideas políticas. Como dijimos en *Báez Cancel v. Alcalde Mun. de Guaynabo*, 100 D.P.R. 982, 987 (1972):

> La Sec. 1 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico prescribe en forma clara que "no podrá establecerse discrimen alguno por motivo de raza, color, ... ideas políticas o religiosas". La proscripción del discrimen es clara y terminante. Su texto no permite distinción alguna. Quiere decir lo que dice. Que el Estado en ninguna de sus múltiples funciones o servicios puede discriminar contra un ciudadano por el mero hecho de ser éste negro, ateo o por sus ideas políticas. Cualquier otra interpretación enervaría su eficacia. Fortalecerla y no enervarla es nuestro deber, como los principales custodios de la Constitución. (Énfasis suplido.)

En virtud de ese esclarecido entendimiento de lo que ordena nuestra Constitución, en numerosas ocasiones hemos indicado que no cabe el discrimen político ni siquiera contra empleados de *confianza*, que por la propia naturaleza de sus cargos no tienen expectativas de permanencia en ellos, ya que están sujetos a la libre selección y remoción por sus superiores. *McCrillis v. Aut. Navieras de P.R.*, 123 D.P.R. 113 (1989); *Franco v. Municipio de Cidra*, 113 D.P.R. 260 (1982); *Ramos v. Srio. de Comercio*, 112 D.P.R. 514 (1982).

Por analogía, esta postura normativa debiera aplicarse también a casos como el de autos. La Constitución no permite distinciones en lo que a discrimen político se refiere; ni caben aquí distinciones tampoco entre empleados transitorios y los de confianza, ya que, en lo pertinente, son

iguales en cuanto a la ausencia de expectativas de permanencia en el cargo.

Es tiempo ya que este Tribunal le dé plena vigencia al ideal de igualdad consagrado en la Constitución en lo referente al discrimen político. Sólo así podemos extirpar de raíz ese grave vicio de nuestra cultura política, que permea a la administración pública de todos los partidos; vicio que no sólo menoscaba y desacredita nuestra vocación como pueblo democrático, sino que, además, le impone —sin compasión alguna— una grave carga a numerosos jefes de familia que de buenas a primeras se encuentran desprovistos del medio de sustento material que antes tenían, con frecuencia el único a su alcance, ya que el insidioso discrimen político se da, la mayor de las veces, contra empleados públicos humildes o de escasos recursos.

Mis compañeros del Foro hoy dejan pasar otra oportunidad más de ejercer nuestra facultad constitucional para desarraigar este cariz del discrimen político. Por ello, vuelvo a protestar y a disentir.